## Douglas State Bank, Appellee, v. S. A. Lewinsohn, Appellant.

### Gen. No. 19,953.

CONTRACTS, § 134*—*when illegal.* In an action on a note, an alleged set-off of a certain sum of money promised the payee for making a temporary deposit in the bank of the plaintiff for the purpose "of showing a substantial increase in its business," in order to effect a sale or consolidation with another bank, will not be considered, since such a contract was immoral and made for the purpose of deceiving and defrauding a third person.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 26, 1915.

LESLIE H. WHIPP, for appellant.

CLYDE C. FISHER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court of Chicago for $1,030.84, entered July 7, 1913, against S. A. Lewinsohn, the appellant herein, in an action of the first class brought by the Douglas State Bank.

The suit was brought on a promissory note for $1,000 and interest, signed by Lewinsohn and running to the Douglas State Bank.

The defendant filed several affidavits of merits and set-off, one after another, each under the practice of the Municipal Court having been stricken on the ground that they stated no defense or ground of set-off. On the striking of the last one the defendant elected "to stand by his affidavit of merits and statement of set-off" and thereupon he was defaulted, a jury was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

called to assess the damages and on such assessment the judgment herein appealed from was rendered.

The question therefore is whether the statement and affidavit of the defendant filed June 11, 1913 (which was the last one filed), stated a defense. We are clearly of the opinion it did not. The "defense" was an alleged "set-off" of $2,000. This $2,000 was alleged to be due from the Bank to Lewinsohn because promised to him for temporarily depositing $15,000 or more with the plaintiff Bank, so as to "show a substantial increase in its business" in order on such showing to effect a sale to or consolidation with another bank.

The contract, if there was such a contract, between the plaintiff and defendant was an immoral one for the deception and defrauding of a third person, and no right to the compensation accrued to the defendant under it which courts will enforce.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*